IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------- : <br> UNITED STATES OF AMERICA,       : <br>                                 : <br>                      Plaintiff, : <br>                                 : <br>           -vs-                  : <br>                                 : <br>                                 : <br> ROBERT J. MAKER,                : <br>                                 : <br>                      Defendant. : <br> ------------------------------------------------------- : | CASE NOS.  4:05 CR 0545 <br>           4:11 CV 1070 <br><br> <u>MEMORANDUM OF OPINION AND</u> <br> <u>ORDER DENYING DEFENDANT'S</u> <br> <u>MOTION FOR COUNSEL (DOC. #</u> <br> <u>225), MOTION TO VACATE, SET</u> <br> <u>ASIDE OR CORRECT SENTENCE</u> <br> <u>PURSUANT TO 28 U.S.C. § 2255</u> <br> <u>(DOC. # 229), AND MOTIONS TO</u> <br> <u>CORRECT CLERICAL ERROR</u> <br> <u>(DOCS. #203, 221)</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The Court has before it several *pro se* motions from the Petitioner Robert Maker ("Mr. Maker") which this Order will address seriatim.  By way of background, after pleading guilty to a charge of conspiracy to possess with intent to distribute more than 1,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and § 846, and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), the Court sentenced Mr. Maker to the 120-month term of incarceration negotiated by the Defendant in his Plea Agreement.  (Doc. 135, Judgment 25 November 2008). Mr. Maker appealed his sentence to the U.S. Court of Appeals, Sixth Circuit, which affirmed this Court's determination.  (Doc. 204, True Copy Mandate 7 April 2010).

**Petitions for correction of alleged clerical error**

Mr. Maker has first petitioned the Court to "correct a clerical error" in the alleged mis-calculation of his criminal history points in his sentencing probation report.  (Docs. 203, 221).  Mr. Maker maintains he should not have received three criminal history points as attributed to a 1986 federal conviction in the U.S. District Court in the Middle District of Pennsylvania.  (Presentence Investigation Report, ¶ 48).  In response, the government points out that Mr. Maker did receive a 15 year term of imprisonment for another conviction, also in 1986, from the U.S. District Court in the Western District of Pennsylvania, for which no criminal history points were assigned.  (Doc. 211).  The government further notes that Mr. Maker was on special parole on the conviction from the Middle District of Pennsylvania case until 25 July 2005.

As a practical matter, the Court denies as moot Mr. Maker's motion to "correct a clerical error."  At his sentencing hearing, on 25 November 2008, Mr. Maker's counsel confirmed that his client's three criminal history points placed him in a criminal history category II.  (Doc. 161, Sentencing Tr. 11).   Further, in this instance the Sentencing Guidelines had little force of impact as Mr. Maker knowingly, intelligently and voluntarily negotiated for a Plea Agreement that pegged his sentence of incarceration at the mandatory minimum of 120-months.  (Tr. 18-19, "Defense Counsel: We recognize, Judge, that we're bound by our plea agreement to recommend to the Court that there be a 120-month term of – a 120-month sentence in this case.").

At the sentencing hearing, the Court held Mr. Maker to the terms of his Plea Agreement, a decision the U.S. Court of Appeals for the Sixth Circuit affirmed on appeal, noting "the record reveals that Maker knowingly, intelligently, and voluntarily

2

pleaded guilty . . . waived his right to appeal his conviction and sentence" and concluding:

> Even if Maker's waiver did not preclude review on appeal, his appeal would be meritless because the district court properly sentenced him.  The parties agreed to a 120-month sentence, the statutory mandatory minimum sentence is the guideline sentence, U.S.S.G. § 5G1.1(b), and the district court sentenced Maker to the mandatory minimum sentence in accordance with the parties' agreement.

United States v. Robert J. Maker, Case No. 08-4647 (12 March 2010).  The Sixth Circuit pointedly observed that in the course of this appeal Mr. Maker's appellate counsel moved to withdraw his representation pursuant to Anders v. California, 386 U.S. 738 (1967), as the counsel asserted in his petition for withdrawal that he had examined the entire record and had concluded that no non-frivolous appellate arguments existed.

Accordingly, the Court denies as moot both of Mr. Maker's Petitions to correct an alleged clerical error.

### Petition for Appointment of Counsel

On 25 May 2011, Mr. Maker petitioned the Court for assistance of counsel to collaterally challenge his sentence under 28 U.S.C. § 2255.  (Doc. 225).  The Court does not construe Mr. Maker's request as a § 2255 motion, but merely as a request for appointment of counsel.

Although there is no constitutional authority for the appointment of counsel in civil cases, there is statutory authority for appointing counsel in habeas corpus actions brought under 28 U.S.C. §§ 2241, 2254, and 2255; this authority may be found in the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(2)(B).  See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002).  Section 3006A(2)(B) of the CJA provides in relevant part:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(2)(B).

Federal courts, generally, have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases.  James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (3d ed. 1998).  A district court does not abuse its discretion, by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." See . Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986);   Swazo v. Shillinger, 23 F.3d 332, 333 (10th Cir. 1994);   Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991).

In the present request for appointment of counsel, Mr. Maker's framing of the reasons he seeks counsel to eventually pursue a § 2255 motion was sufficiently clear, coherently organized and well presented.  The Court does not view the case as complex and regards Mr. Maker as reasonably able to present a coherent petition *pro se* pursuant to § 2255.

As a result, the Court does not find it in the interest of justice to appoint counsel for Mr. Maker. Accordingly, Mr. Maker's construed motion for appointment of counsel pursuant to 18 U.S.C. § 3006A, is denied.

**Petition to Vacate, Set Aside, or Correct Sentence under § 2255**

On 28 September 2011, Mr. Maker petitioned the Court to vacate, set aside or correct his sentence. (Doc. 230). Mr. Maker alleged three grounds in support of his § 2255 motion: (1) The Court erred in applying the wrong version of the Sentencing Guidelines; (2) Uncorrected factual inaccuracies in the probation department's sentencing report warrant vacating the sentence; and (3) Petitioner was deprived of the effective assistance of counsel. (Doc. 230, pp. 3-7). The government opposed the petition for lack of timeliness. (Doc. 229).

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The movant has the burden of establishing any claim asserted in the petition. See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910 (1978).

Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. See Brecht v.

Abrahamson, 507 U.S. 619, 637-38 (1993); Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531 U.S. 884 (2000).  Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

### Timeliness and Equitable Tolling

The timeliness of Mr. Maker's motion is governed by 28 U.S.C. § 2255(f), which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

6

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001).  Except in circumstances that are not presented here, a motion to vacate under 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final."  Mr. Maker's conviction became final no later than 7 July 2010, ninety-days from the date the Sixth Circuit Court of Appeals issued its mandate, from which he did not appeal.[1]  (Docs. 202, 204).  Mr. Maker's § 2255 motion, filed on 28 September 2011, exceeded the one-year limitations period by more than 2 months.  Accordingly, Mr. Maker's §2255 filing was untimely.

This Circuit recognizes that the statute of limitations in § 2255 petitions is subject to equitable tolling.  See McClendon v. Sherman, 329 F.3d 490, 492 (6th Cir. 2003); Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001).  A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The doctrine of equitable tolling is, however, used "sparingly" – typically "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

---

[1] Petitioner did not file a *certiorari* petition with the United States Supreme Court after the Sixth Circuit affirmed his conviction on 7 April 2010. Therefore, pursuant to Clay v. United States, 537 U.S. 522, 525 (2003), Mr. Maker's direct appeal became final on 7July 2010, ninety days after the Sixth Circuit Court of Appeals entered judgment affirming his conviction (the time in which a petition for writ of certiorari could have been filed).

7

Courts in this Circuit consider five factors when deciding whether to apply the doctrine of equitable tolling in a § 2255 case:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.  "The petitioner bears the burden of demonstrating that he [or she] is entitled to equitable tolling."  McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

Upon consideration of the Dunlap factors, the Court concludes that Mr. Maker has failed to carry his burden.   The record does not indicate that he acted diligently to pursue his rights.  See Solomon v. United States, 467 F.3d 928, 933 (6th Cir. 2006); Del Bosque v. United States, 169 Fed. Appx. 934 (6th Cir. 2006).  Nor does the record indicate that some extraordinary circumstance prevented Mr. Maker from submitting a timely application challenging his sentence under § 2255.  In actuality, Mr. Maker does not even seek an equitable consideration of the timeliness of his § 2255 petition. Petitioner's delay in filing this petition displays a marked lack of diligence in pursuing his rights.  Thus, the Court determines that the application of equitable tolling is inappropriate under these circumstances.  This petition is clearly barred by the statute of limitations applicable to §2255.

**Certificate of Appealability**

The Court declines to issue a certificate of appealability ("COA").  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Id. at 483-4 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  Id. at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

For the reasons stated, the Court does not find that Mr. Maker has satisfied this showing.  Accordingly, the Court declines to issue a certificate of appealability.

**Conclusion**

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief."  28 U .S.C. § 2255; see also Rule 4(b), 28 U.S.C. § 2255 Rules.  Therefore, the Court finds the motion may be resolved without an evidentiary hearing.  <u>United States v. Johnson</u>, 327 U.S. 106, 111 (1946); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986).  Mr. Maker's conviction and sentence are valid and his motion pursuant to 28 U.S.C. § 2255 is denied. (Doc. 230).  Further, Mr. Maker's motions "to correct clerical errors" are denied as moot.  (Docs. 203, 221).  Finally, Mr. Maker's construed motion for appointment of counsel pursuant to 18 U.S.C. § 3006A, is denied.  (Doc. 225).

IT IS SO ORDERED.

   /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date: 14 December 2011